# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

| | |
|---|---|
| **EDWARD HOPKINS** | **CIVIL ACTION NO. 08-253-P** |
| **VERSUS** | **JUDGE WALTER** |
| **RICHARD STALDER, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

This matter has been referred to the undersigned magistrate judge for review, report and recommendation in accordance with 28 U.S.C. §636(b)(1)(B).

## STATEMENT OF CLAIM

Before the Court is a civil rights action filed in forma pauperis by pro se plaintiff Edward Hopkins ("Plaintiff"), pursuant to 42 U.S.C. §1983. This complaint was received and filed in this Court on February 20, 2008. Plaintiff is currently incarcerated at the River Bend Detention Center, but was incarcerated at the David Wade Correctional Center in Homer, Louisiana when he filed this complaint. He names Richard Stalder, Venetia Michael, Anthony Batson, Major G. Savage, Lt. Col. Tommy Miller and Debra Miller as defendants.

Plaintiff claims Defendants violated his civil rights during his prison disciplinary proceedings. He claims his disciplinary hearing was not conducted within 72 hours of being charged as required by the Louisiana Department of Corrections rules and regulations. These disciplinary proceedings occurred in March and April 2006.

Plaintiff claims the Louisiana Nineteenth Judicial District Court expunged the rule violation report from his record, allowed him to reapply for work release, restored his good time credits, and accessed court costs to Defendants.

Accordingly, Plaintiff seeks punitive, declaratory and compensatory damages.

**LAW AND ANALYSIS**

Plaintiff complains that his disciplinary hearing was not conducted within 72 hours of being charged as required by the Louisiana Department of Corrections rules and regulations. To the extent Plaintiff contends he was punished without procedural due process, that claim is not cognizable.

Plaintiff claims he lost good time credits in the prison disciplinary proceedings. The Fifth Circuit has held that as a general rule, only sanctions which result in loss of good time credit or which otherwise directly and adversely affect release will implicate a constitutionally protected liberty interest. Orellana v. Kyle, 65 F.3d 29, 31-32 (5th Cir. 1995). In Wolff v. McDonald, 418 U.S. 539, 94.Ct. 2963, 41 L.Ed.2d 935 (1974), the Supreme Court set forth the minimum requirements of procedural due process which are to be accorded prisoners in the disciplinary hearing procedure. The minimum requirements are (1) advance written notice of the claimed violation(s); (2) a written statement of the fact finders as to the evidence relied on and the reason(s) for the disciplinary action taken; and (3) an opportunity to call witnesses and present documentary evidence in his defense, when to do so would not be unduly hazardous to institutional safety or correctional goals. Wolff, 418 U.S. at 564-66.

Plaintiff in the instant case does not allege that Defendants violated the minimum requirements of procedural due process set for in Wolff. Nor does Plaintiff allege in this action that the evidence was insufficient to support the decision of the disciplinary board. Instead, Plaintiff alleges he was denied due process because Defendants failed to follow their own rules and regulations regarding a hearing within 72 hours. A failure to follow institutional rules and regulation, standing alone, does not constitute a violation of Plaintiff's due process rights. See Murphy v. Collins 26 F.3d 541, 543 (5th Cir. 1994). "A prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process, if constitutional minima are nevertheless met." Myers v. Klavenhagen, 97 F.3d 91, 94 (5th Circuit 1996).

Accordingly, Plaintiff's claims that he was punished without procedural due process of law are without merit and should be dismissed with prejudice as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this Court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks

v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 27th day of May, 2009.

                                                    MARK L. HORNSBY
                                        UNITED STATES MAGISTRATE JUDGE